**FILED**
JAN 14 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN VINCENT HYLAND, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  09 0079 |
| ) | |
| SENATOR BARACK OBAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.

Plaintiff's complaint pertains to the use of public funds to address the United States financial sector's current woes. Generally, plaintiff alleges that the United States Congress wrongfully has seized seven hundred billion dollars, property of all United States citizens, for the purpose of "bailing out" the "'BIG MONEY BOYS' of Wall Street." Compl. at 7 (capital letters in original). Among other things, he demands that the "BAIL-OUT" justly must be VACATED AB INITIO and FORTHWITH." *Id.* at 6. In addition, he demands that defendants deposit seven hundred million dollars "in a SWISS BANK of Plaintiff's CHOICE [for] distribution to Plaintiff's children." *Id.* at 10.

Plaintiff's claims fail because he does not have standing to pursue them. "So-called 'Article III standing' has three requirements: (1) the plaintiff has suffered 'an injury in fact,' (2) that injury bears a causal connection to the defendant's challenged conduct, and (3) a favorable judicial decision will likely provide the plaintiff with redress from that injury." *Hollander v.*

*McCain*, 566 F. Supp. 2d 63, 67 (D.N.H. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. at 573-74. Here, plaintiff cannot show that his injuries "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent,' and 'fairly traceable' to the challenged act of the defendant[s]." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. at 560).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Henry H. Kennedy
United States District Judge

Date: 12/23/08